**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:25-mj-190 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ANDREW FELIX, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER GRANTING GOVERNMENT'S MOTION**
**FOR REVOCATION OF BOND (Doc. 15)**

---

This matter is before the Court on the Government's Motion for Revocation of Bond (Doc. 15). Defendant did not file a response, and the Court held a hearing on the motion. This matter is now ripe for the Court's review. For the following reasons, the Court **GRANTS** the Government's Motion for Revocation of Bond (Doc. 15).

## BACKGROUND

On March 5, 2025, Defendant Christopher Felix made his initial appearance before Magistrate Judge Stephanie K. Bowman, who unsealed the Criminal Complaint to inform Defendant of his charges. (*See* 3/4/2025 Minute Entry.) Defendant faces charges of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) and (e), and Distribution and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2)(A) and (b)(1). (Compl., Doc. 4, Pg. ID 5.) Defendant is also facing related state charges in Butler County for Pandering Obscenity Involving a Minor. (Pretrial Services Report, Doc. 11, Pg. ID 23.)

Pretrial Services recommended that Defendant be released on his own recognizance, subject to the mandatory conditions as required by the Adam Walsh Child Protection and Safety Act of 2006. (*Id.*) On March 7, 2025, the Magistrate Judge held a detention hearing. (3/7/2025 Minute Entry.) Defendant was released on bond with conditions of release, including but not limited to: (1) not obtaining a passport or other international travel documents, (2) not contacting his wife, who is a co-defendant in this case, (3) restricting travel to southwestern Ohio and parts of Kentucky and Indiana, (4) GPS monitoring, (5) curfew, (6) prohibiting computer access, (7) limiting contact with minors, (8) prohibiting cell phones to pre-2000 style, and (9) not using firearms, with the note that Defendant's father, who keeps firearms in the home, will keep them locked away. (Bond Order, Doc. 13.) This bond order was stayed pending the Government's appeal. (3/7/2025 Minute Entry.) Subsequently, Defendant's wife and co-Defendant, Haley Brennen, had her detention hearing before the Magistrate Judge. (Motion to Revoke, Doc. 15, Pg. ID 37.) While ordering co-Defendant Brennen detained, the Magistrate Judge explained that her decision to release Defendant Felix may have been based on a misunderstanding of the allegations against him. (*Id.*) The Government submits that Defendant should be detained because he is a danger to the community. (*Id.* at Pg. ID 34.)

On March 19, 2025, the Court held a hearing on this matter. Pretrial Services was present and stated that there were no revisions to their report, which recommended release. (*See* Pretrial Services Report, Doc. 11.) The Court heard oral argument from the parties, as well as testimony from Defendant's father, and took the matter under advisement.

## LAW AND ANALYSIS

The Government may seek review of a release order by filing a motion for revocation pursuant to 18 U.S.C. § 3145(a). The district court then reviews the detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129-30 (S.D. Ohio 2000). Under 18 U.S.C. § 3142(e), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Where, as here, a defendant has been charged with an offense involving a minor victim under 18 U.S.C. § 2422 or § 2423, there is a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(E); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant can overcome this presumption by providing "at least some evidence" that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945.

Defendant presented testimony from his father, who stated that Defendant does not have access to electronic devices at home. Further, Defendant's father testified that he wishes to support his son and will continue to help Defendant access therapy and attend church to assist in his rehabilitation. Given that Defendant's burden of producing "at least some evidence" is not heavy, the Court continues under the assumption that the presumption has been rebutted. Nevertheless, the presumption favoring detention "remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945 (quotation omitted).

Ultimately, it is the Government's burden to "prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community."

3

*Stone,* 608 F.3d at 946. "The [G]overnment must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton,* 113 F. App'x 76, 77 (6th Cir. 2004). In making a detention determination, the Court considers:

    (1)    The nature and circumstances of the offense charged;

    (2)    The weight of the evidence against the defendant;

    (3)    The history and characteristics of the defendant; and

    (4)    The nature and seriousness of the danger to any person or the community.

18 U.S.C. § 3142(g). A review of these factors demonstrate that detention is appropriate.

## I.    The Nature and Circumstances of the Offense

The Court first considers "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim." 18 U.S.C. § 3142(g)(1). Here, the offenses charged—Sexual Exploitation of Children, as well as Distribution and Receipt of Child Pornography—both involve a 13-year-old minor. (*See* Compl., Doc. 4.) Not only do these charges carry a presumption of dangerousness due to the involvement of a minor, but they also convey lengthy terms of imprisonment. *See* 18 U.S.C. § 2251(e) (Exploitation of a Child carries a 15-year minimum and 30-year maximum sentence); 18 U.S.C. § 2252(b) (Distribution and Receipt of Child Pornography carries a 5-year minimum and 20-year maximum sentence). These sentences "reflect a Congressional determination that individuals who sexually exploit minors are inherently dangerous."

*United States v. Demarcus Bristuan Fitzhugh*, No. 16-MJ-30364, 2016 WL 4727480, at *4 (E.D. Mich. Sept. 12, 2016).

The specific conduct charged only underscores the seriousness of the offenses. Defendant is alleged to have conspired with the co-defendant to sexually exploit a 13-year-old child. (Compl., Doc. 4.) Defendant's communications with the co-defendant about this sexual exploitation were disturbing and mentioned another minor victim, around the age of 6 or 7, whom they implied they had previously sexually abused and planned to abuse again. (*Id.* at Pg. ID 11.) Defendant also sent and received child pornography, as the Monroe Police Department originally discovered; a search of his cell phone during an executed search warrant revealed additional evidence of child pornography. (*Id.* at Pg. ID 9.) When questioned by local law enforcement, Defendant admitted to viewing and distributing child pornography. (*Id.* at Pg. ID 8.) And, in communications with co-Defendant Brennen, Defendant mentioned the need to delete the conversations with the minor. (*Id.* at Pg. ID 11, 13.) The Government maintains that this indicates Defendant's willingness to conceal evidence of criminal activity. (Motion, Doc. 15, Pg. ID 40.) Accordingly, the nature and circumstances of the offenses support detention.

## II.     The Weight of the Evidence

The second factor speaks to the weight of the evidence of dangerousness or flight risk, rather than the evidence of the defendant's guilt. *Stone*, 608 F.3d at 948; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

The weight of the evidence as to Defendant's dangerousness is heavy. To reiterate, Defendant is alleged to have conspired to exploit a minor and discussed prior abuse of a minor, as well as distributed and received child pornography. As courts have recognized, "*Just one* sexually-related offense against *just one* minor is enough to imply dangerousness." *Fitzhugh*, 2016 WL 4727480, at *5. Here, Defendant is alleged to have engaged in a *series* of illegal sexually-related acts involving a minor. *United States v. Music*, No. 1:07-CR-21, 2007 WL 2067057, at *5 (W.D. Ky. July 16, 2007) ("[T]he weight of the evidence against [defendant] does not favor release as the evidence produced by the Government shows that the Defendant had the intent to engage in sexual conduct with a minor.") Thus, the weight of the evidence of dangerousness supports detention.

### III.    The History and Characteristics of Defendant

The third factor involves weighing "the history and characteristics of the person," including his family ties, employment, community ties, length of residence in the community, past conduct, and criminal history. 18 U.S.C. § 3142(g)(2). Defendant is a 26-year-old who is currently employed. (Pretrial Services Report, Doc. 11, Pg. ID 21.) He advised that he would live with his parents if released. (*Id.*) Defendant's parents have weapons in a gun safe at this home. The Bond Order mentioned that Defendant's father would lock the guns away from Defendant. (Bond Order, Doc. 13.) The Bond Order also limits Defendant's computer use and requires that any other computers in the home be password-protected. (*Id.*) Defendant also does not own a passport and has never traveled outside the United States. (Pretrial Services Report, Doc. 11, Pg. ID 21.) Defendant has been in counseling since May 2024, when the state charges were brought against him.

(*Id.*) Defendant also argues that he has behaved well while released on bond for state charges, and that he was granted bond in that state case. But, the Court notes that his charges in the state case were for pandering child pornography and did not include sexual exploitation charges, as this case does.

However, some characteristics of Defendant are concerning. First, his father indicated to the Pretrial Services Officer that, although he would lock up the guns, he would not remove them from the home. (Pretrial Services Report, Doc. 11, Pg. ID 21.) Additionally, Defendant indicated that he is experiencing significant stress from this case. (*Id.* at Pg. ID 22.) The Pretrial Services Report cited these mental health concerns as contributing to a risk of non-appearance and a risk of danger to the community. (*Id.* at Pg. ID 23.) And, although Defendant's Bond Order requires that all computers accessible to Defendant be password-protected to prevent his access, "there is simply no failsafe way to prevent any and all exposure" to new minor victims or child pornography, "even if a defendant forfeits all electronic devices and is denied access to the internet." *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *3 (6th Cir. July 20, 2020) (cleaned up).

Taken together, Defendant's limited criminal history and significant community ties show a low risk of flight, but his living conditions, which include proximity to firearms and computers, coupled with the stress Defendant reports, weigh against detention. *United States v. Nunez*, Crim. No. 17-MJ-30666, 2018 WL 1026473, at *4 (E.D. Mich. Feb. 23, 2018) (finding circumstances of living situation outweigh lack of criminal history and strong community ties).

## IV. The Danger to the Community

Finally, the Court evaluates "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). As explained, the charges pending against Defendant are serious, and Defendant presents a danger to the community.

Defendant is alleged to have conspired to sexually exploit a minor using online chat applications, and distributed child pornography via other cell phone applications. "Allegations of enticing a child to engage in sexual activity are particularly dangerous and pose a threat the Court cannot easily mitigate if [Defendant] is released." *United States v. Cornish*, 449 F. Supp. 3d 681, 686-87 (E.D. Ky. 2020). "Given the prevalence of modern technology in this day and age, the Court reaches the common sense conclusion that 'there is simply no failsafe way to prevent any and all exposure, even if a defendant forfeits all electronic devices and is denied access to the Internet.'" *United States v. Mehmed*, 748 F. Supp. 3d 549, 554 (S.D. Ohio 2024) (quoting *Foster*, 2020 WL 6791572, at *3 (cleaned up)); *Cornish*, 449 F. Supp. 3d at 686-87 (refusing to rely on defendant's promise to abstain from the Internet because the "myriad of Internet-capable devices available . . . render[s] policing [his] Internet use almost impossible"); *Fitzhugh*, 2016 WL 4727480, at *5 (same). Accordingly, the Court finds that Defendant poses a danger to the community.

## CONCLUSION

For all these reasons, the Court concludes that no condition or set of conditions of release would reasonably assure the safety of the community. The Court **ORDERS** the following:

1. The Government's Motion for Revocation of Bond (Doc. 15) is **GRANTED**;

2. Defendant's bond is **REVOKED**; and

3. Defendant **SHALL BE DETAINED** in the custody of the United States Marshals Service pending trial.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND